UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER LIPPE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-20-991-G |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Now before the Court is a Motion to Dismiss (Doc. No. 9) filed by Defendant United States of America ("the Government"). Plaintiff Christopher Lippe has responded (Doc. No. 12) and the Government has filed a Reply (Doc. No. 15).

### I. *Summary of the Pleadings*

Plaintiff filed this action on September 30, 2020, asserting claims against the Government "pursuant to the Federal Tort Claims Act, 28 U.S.C. §2674, *et seq.*" and "the Common Law of the State of Oklahoma." Compl. ¶ 11 (Doc. No. 1). Plaintiff alleges that he was employed by the Department of the Air Force ("DAF") at Tinker Air Force Base. *See id.* ¶¶ 2, 6-8.

On or about December 29, 2017, while Plaintiff was "on approved unpaid leave," his coworkers and supervisors engaged in conduct that included: subjecting Plaintiff to false and misleading statements and harassment regarding his ability to take leave; not performing their required duties and responsibilities, such as not properly accounting for Plaintiff's leaves of absence and not providing reasonable adjustments to Plaintiff's work

schedule; and fabricating or improperly documenting communications regarding Plaintiff's employment. *See id.* ¶¶ 8, 14-19. Plaintiff "was ultimately terminated from his employment" "as a direct result of the neglect, animosity, individual biases," and "retaliatory attitude" exhibited by DAF employees toward him. *Id.* ¶ 16.

Plaintiff alleges, "At all times the DAF employees involved in this matter were employees of Defendant and all acts and omissions alleged herein were conducted and or performed within the scope of their employment with Defendant." *Id.* ¶ 21. Plaintiff asserts that "[a]s a direct result of Defendant's negligence" he has "suffered severe personal injuries and damages" exceeding $75,000 but less than or equal to $198,000. *Id.* ¶ 22.

II.     *The Government's Motion to Dismiss*

In its Motion to Dismiss, the Government argues that the Court lacks subject-matter jurisdiction over Plaintiff's claims and seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1).

A Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction takes one of two forms: a facial attack or a factual attack. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015). Here, both parties identify the Government's argument as a factual attack, "challeng[ing] the facts upon which subject matter jurisdiction depends." *Id.* (internal quotation marks omitted). Thus, the Court does not presume the truthfulness of the Complaint's factual allegations and may consider affidavits or other documents to resolve jurisdictional facts. *See id.*

### A. *Sovereign Immunity and Plaintiff's Claim of Wrongful Termination*

The Government first argues that consideration of Plaintiff's claims of liability under the Federal Tort Claims Act (or "FTCA") is barred by the doctrine of sovereign immunity. *See* Def.'s Mot. to Dismiss at 3-9. "Sovereign immunity generally shields the United States, its agencies, and officers acting in their official capacity from suit." *Wyoming v. United States*, 279 F.3d 1214, 1225 (10th Cir. 2002). "The concept of sovereign immunity means that the United States cannot be sued without its consent. Such consent may be found only when Congress unequivocally expresses its intention to waive the government's sovereign immunity in the statutory text." *Governor of Kan. v. Kempthorne*, 516 F.3d 833, 841 (10th Cir. 2008) (citation and internal quotation marks omitted); *see also FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature.").

The FTCA "waive[s] the sovereign immunity of the United States for certain torts committed by federal employees." *Meyer*, 510 U.S. at 475 (citing 28 U.S.C. § 1346(b)). Specifically, the statute renders the United States potentially liable on

> claims against the United States, for money damages, . . . for injury or loss of property, . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). Courts should not "extend the waiver beyond that which Congress intended" or "assume the authority to narrow the waiver that Congress intended." *Smith v. United States*, 507 U.S. 197, 203 (1993) (internal quotation marks omitted).

3

"[A] plaintiff must plausibly allege all jurisdictional elements" of his or her FTCA claim—i.e., "a plaintiff must plausibly allege all six FTCA elements . . . for a court to have subject-matter jurisdiction over the claim." *Brownback v. King*, 141 S. Ct. 740, 749 (2021); *see also Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994) ("[T]he party pleading jurisdiction must allege in his pleading the facts essential to show jurisdiction." (internal quotation marks omitted)).

The Government argues that Plaintiff's claims based upon and arising from his allegedly improper termination fail to plausibly allege an actionable wrongful act or act of negligence under the FTCA under § 1346(b)(1).  The Court agrees.

To the extent Plaintiff asserts "that he was wrongfully discharged from his federal employment" without the proper procedures being followed, the Civil Service Reform Act (or "CSRA," as codified in various sections of Title 5 of the United States Code) "provides [Plaintiff's] exclusive remedy."  *Jackson v. Shinseki*, 526 F. App'x 814, 818 (10th Cir. 2013) (citing *Petrini v. Howard*, 918 F.2d 1482, 1485 (10th Cir. 1990); 5 U.S.C. § 7703(b)(1)(A)); *see also United States v. Fausto*, 484 U.S. 439, 455 (1988) ("The CSRA established a comprehensive system for reviewing personnel action taken against federal employees.").  As a result, "[f]ederal and state court actions complaining of activities prohibited by the CSRA are preempted by the CSRA." *Steele v. United States*, 19 F.3d 531, 533 (10th Cir. 1994) (alteration, omission, and internal quotation marks omitted).

In *Steele*, a fired employee alleged that his government employers "conspire[ed] to have [the plaintiff] terminated, falsif[ied] records and certain testimony thereby interfering with [the plaintiff's] medical and workmen's compensation claims, fail[ed] to reasonably

4

accommodate [the plaintiff's] handicap, improperly interfere[ed] with his requests for transfer, wrongfully den[ied] him certain benefits and pay, intimidate[ed] and threaten[ed] him in his pursuit of his rights related to his employment, and attempt[ed] intentionally to discredit him." *Id.* at 532. The district court dismissed the action, finding in relevant part that the claims were preempted by the CSRA's scheme for addressing prohibited personnel actions. *See id.* at 533. The Tenth Circuit affirmed, finding that the employee's claims "fall within the scope of and are therefore preempted by the CSRA." *Id.* at 532.

Here, likewise, Plaintiff's factual allegations "clearly complain of actions prohibited by the CSRA." *Id.* at 533. *Compare, e.g.*, Compl. ¶¶ 14-19 (alleging that he was mistreated and ultimately terminated due to requesting leave from work and using such leave), *with* 5 U.S.C. § 2302(b) (including as "prohibited personnel practice[s]" taking a personnel action against an employee due to the employee's exercise of a complaint or grievance right and discriminating against an employee on the basis of conduct that does not adversely affect the performance of the employee or the performance of others). "Employment practices that are prohibited under the CSRA include taking or failing to take any personnel action for discriminatory or retaliatory reasons." *Franken v. Bernhardt*, 763 F. App'x 678, 680 (10th Cir. 2019) (internal quotation marks omitted). Further,

> Even where an action does not fall under this broad definition of prohibited personnel actions, it may still be preempted by the CSRA: As we held in *Hill v. Dep't of Air Force*, 884 F.2d 1318, 1320-21 (10th Cir. 1989), because Congress established this comprehensive scheme to administer public rights in the context of federal employment, it is inappropriate to provide a judicial remedy beyond the regulatory scheme even if the complained-of action is not "a listed prohibited personnel practice."

5

*Id.* at 681; *see also* 5 U.S.C. §§ 7512, 7513, 7701, 7702, 7121.  It follows that Plaintiff's challenge to his wrongful removal is subject to the CSRA's "exclusive remedial scheme." *Arron v. United States*, Nos. 96-2086, 96-2288, 1997 WL 265103, at *6 (10th Cir. May 20, 1997) (affirming dismissal of a terminated employee's FTCA and constitutional claims as preempted by the CSRA).

Plaintiff objects that his claims should not be preempted, citing due process and fairness concerns.  *See* Pl.'s Resp. at 4-7.  The Tenth Circuit has rejected such arguments, however, upholding a finding that the CSRA preempted a wrongful-discharge claim even where the plaintiff challenged the employer's conduct under the due process clause.  *See Jackson*, 526 F. App'x at 818.  The Tenth Circuit has further explained that dismissal due to CSRA preemption is appropriate notwithstanding the possibility that FTCA claims or constitutional claims "would afford [the plaintiff] greater opportunities for judicial review and greater compensation for his alleged injuries."  *Arron*, 1997 WL 265103, at *6.

Accordingly, Plaintiff has not pled an actionable claim under the FTCA regarding the challenged termination.  The FTCA's waiver of sovereign immunity does not apply to Plaintiff's claims regarding his wrongful termination, which are preempted by the CSRA. *See id.*; *Steele*, 19 F.3d at 533.  These claims must be dismissed due to lack of subject-matter jurisdiction.  *See Franken*, 763 F. App'x at 682.

### B. Sovereign Immunity and Plaintiff's Remaining Tort Claims

The Government additionally argues that the Court lacks jurisdiction over any claims Plaintiff is raising for libel, slander, misrepresentation, deceit, or interference with contract rights.  *See* Def.'s Mot. to Dismiss at 9-10 (citing Compl. ¶¶ 14-15, 17-20).

Specifically, the Government argues that these claims fall within an exception to the FTCA's waiver of sovereign immunity. *See id.*

The FTCA "limits its waiver of sovereign immunity in a number of ways." *Sosa v. Alvarez-Machain*, 542 U.S. 692, 700 (2004). As relevant here, the statute "provides that [its] broad grant of jurisdiction 'shall not apply to . . . [a]ny claim arising out of . . . ' specified intentional torts." *Sheridan v. United States*, 487 U.S. 392, 398 (1988) (second alteration and first omission in original) (quoting 28 U.S.C. § 2680(h)). Specifically, the FTCA limits its waiver of sovereign immunity to exclude "[a]ny claim arising out of *assault*, *battery*, *false imprisonment*, *false arrest*, *malicious prosecution*, *abuse of process*, *libel*, *slander*, *misrepresentation*, *deceit*, or *interference with contract rights*." 28 U.S.C. § 2680(h) (emphasis added).

Plaintiff does not dispute the Government's characterization of these claims or offer any contrary authority. The Court agrees that these claims fall within § 2680(h)'s intentional-torts exception and are barred by the United States' sovereign immunity. *See Wyoming*, 279 F.3d at 1225; 28 U.S.C. § 2680(h); *Cooper v. Am. Auto. Ins. Co.*, 978 F.2d 602, 613 (10th Cir. 1992); *Edmonds v. United States*, 436 F. Supp. 2d 28, 35 (D.D.C. 2006). Further, to the extent Plaintiff's claims "aris[e] out of" an enumerated tort, such claims are likewise barred under § 2680(h). 28 U.S.C. § 2680(h); *see Trujillo v. United States*, 313 F. Supp. 2d 1146, 1152 (D.N.M. 2003); *Cooper*, 978 F.2d at 613. *See generally United States v. Shearer*, 473 U.S. 52, 55 (1985) (discussing the "sweeping language" of § 2680(h)'s "arising out of" exclusion).

Because these claims fall within an exception to the FTCA's waiver of sovereign immunity, they "must be dismissed for want of federal subject matter jurisdiction." *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 853 (10th Cir. 2005).

### C. Plaintiff's Requests for Discovery and to Amend

Plaintiff requests leave to conduct discovery as an alternative to dismissal, arguing that he is at a disadvantage in responding to the Motion with only limited facts. *See* Pl.'s Resp. at 9. The Court has considered documents presented by both parties, however, and Plaintiff fails to sufficiently point to any jurisdictional facts he believes the discovery would reveal or explain how such additional facts would affect the legal conclusions made herein. *See Wilderness Watch v. Ferebee*, 445 F. Supp. 3d 1313, 1326-27 (D. Colo. 2020).

Plaintiff's Response also references *Bivens* claims, as well as "employment discrimination," and asks that he be permitted to file an amended complaint "to address the potential for a [*Bivens*] action as it appears the individuals may have acted beyond the scope of their employment and would be subject to joint and several liability for their individual actions as the Defendant appears to be indicating the individuals if acted poorly acted outside their cloak of tort claim immunities." Pl.'s Resp. at 8.[1] This argument fails to adequately explain how he would so plead a new cause of action or to show that justice requires amendment at this stage. See Fed. R. Civ. P. 15(a)(2); *cf.* LCvR 15.1 (requiring proposed pleading to be submitted with motion to amend).

---

[1] Plaintiff does not request leave to amend to seek relief under the CSRA or contend that he has complied with the requirements to seek relief under that statutory scheme.

CONCLUSION

For the reasons outlined above, Defendant's Motion to Dismiss (Doc. No. 9) is GRANTED. Plaintiff's claims are DISMISSED WITHOUT PREJUDICE due to a lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

IT IS SO ORDERED this 30th day of July, 2021.

CHARLES B. GOODWIN
United States District Judge